IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE A. CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-467-JHP-FHM |
| ) | |
| MAUREEN CHILDERS, a/k/a MAUREEN ) | |
| CHILDERS DOYLE, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court are Plaintiff Dale A. Childers' Motion to Remand [Docket No. 8] and Defendant Maureen Childers' Response in Support of Plaintiff's Motion to Remand [Docket No. 12]. Plaintiff requests that the Court remand this action to the District Court of Tulsa County, Oklahoma, pursuant to 28 U.S.C. § 1447(c) and award Plaintiff attorney fees and costs incurred in preparing and filing his motion. For the reasons stated below, Plaintiff's motion is hereby GRANTED.

## BACKGROUND

Plaintiff Dale A. Childers commenced this action on July 17, 2008 by filing a Petition in the District Court of Tulsa County, Oklahoma. Plaintiff alleges that Defendant Maureen Childers, his sister, wrongfully allowed their mother's life insurance policy to lapse and in doing so acted negligently and breached her contractual and fiduciary duties. Defendant removed the case to this Court on August 18, 2008 [Docket No. 2]. Plaintiff subsequently filed his Motion to Remand [Docket No. 8] within the 30 day time limit set forth in 28 U.S.C. § 1447(c). Plaintiff claims the

1

case was improperly removed because Defendant violated the "forum defendant rule" rule[1] found in 28 U.S.C. § 1441(b). Plaintiff also seeks to recover attorney fees and costs incurred as a result of the removal. Defendant filed a Response [Docket No. 12] in which she supported Plaintiff's Motion to Remand, recognizing the fact that she was a citizen of the forum state and, thus, removal was improper. Although Defendant's Response brief states that she does not oppose the Motion to Remand, part of the brief indicates that Defendant would prefer the Court dismiss, rather than remand, the case. A large portion of Defendant's brief is devoted to the issues of standing and ripeness, apparently urging the Court to find that there is no "case or controversy" and that remanding the case would be futile.

## **DISCUSSION**

### A. Motion to Remand

This action was improperly removed because Defendant is a citizen of Oklahoma, the forum state. Generally civil actions brought in state court are removable to federal court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). Under § 1441(b), however, a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Defendant removed this case based on diversity jurisdiction under 28 U.S.C. § 1332. (Def.'s Notice of Removal at 2.) It is undisputed that Defendant is a citizen of Oklahoma and that Defendant was a citizen of Oklahoma at the time Plaintiff originally filed this action in the District Court of Tulsa County, Oklahoma. (Def.'s Notice of Removal at 1-2.) Because Defendant was a citizen of Oklahoma, the same state in which Plaintiff filed this action, and removal was not based on a federal question, the

---

[1] The term "forum defendant" rule refers to the rule found in 28 U.S.C. § 1441(b) which prohibits a defendant from removing a action to federal court if the defendant is a citizen of the state in which the action was brought.

Court finds the action was improperly removed based on the clear language of § 1441(b).[2]

**B. Futility Exception**

Once a federal court has determined that it lacks subject-matter jurisdiction over a cause of action, § 1447(c) requires that the federal court remand the action to state court. Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of the statute does not give the federal court any discretion in deciding whether to or not to remand the case. Despite the mandatory language of the statute, some circuit courts have recognized a "futility exception" to § 1447(c) which allows a district court to dismiss, rather than remand, a case if the court determines that the state court would lack jurisdiction causing remand of the case to be futile. *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3rd Cir. 1997) (noting that the Fifth and Ninth Circuits have recognized this exception). The Tenth Circuit, however, expressly rejected the "futility exception" to § 1447(c) in *Jepsen v. Texaco, Inc.*, an unpublished opinion. 68 F.3d 483, 1995 WL 607630, at 3* (10th Cir. 1995) (unpublished); *see also Bromwell*, at 213 (recognizing that the Tenth Circuit rejected the "futility exception" in *Jespen*).

Defendant's discussion of standing and ripeness in her response brief is apparently an attempt, although a very weak one, to persuade the Court to dismiss the case under the "futility exception" rather than remand it to state court. Because the Tenth Circuit has not adopted the "futility exception" and has flatly rejected it in an unpublished opinion, it is unnecessary for the

---

[2] In their briefs, both parties point out that the Tenth Circuit has not addressed whether the "forum defendant" rule is procedural or jurisdictional, noting that the weight of authority seems to conclude that the rule is procedural. The distinction is significant when deciding whether the rule can be waived by a party's failure to file a timely motion seeking remand. In this case, because Plaintiff's motion was timely, the distinction is not relevant for the purpose of the Court's ruling on the Motion to Remand.

Court to address whether remand would be futile. The issues of standing and ripeness will be matters for the state court to decide.

**C. Motion for Attorney Fees**

Attorney fees may be discretionarily awarded to the party forced to file a motion to remand. 28 U.S.C. § 1447(c); *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997). The propriety of the defendant's removal is central to the determination of whether to impose fees. *Daleske v. Fairchild Communities, Inc.,* 17 F.3d 321, 324 (10th Cir. 1994). In the matter before the Court, Defendant has no legitimate basis for believing removal was proper. This is evident not only from the clear language of the removal statute, but also from the fact that Defendant did not oppose Plaintiff's Motion to Remand. In fact, Defendant stated that it was "indebted to Plaintiff for filing Plaintiff's Motion" because it "prompted Defendant to think more carefully and seriously about subject matter jurisdiction issues..." (Def.'s Resp. to Pl.'s Mot. to Remand at 15.) Therefore, the Court finds that Plaintiff should be awarded just costs and actual expenses, including attorney fees incurred as a result of Defendant's removal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand and hereby orders the Court Clerk to remand this case to the District Court of Tulsa County. Additionally, the Court GRANTS the Motion for Attorney Fees.

IT IS SO ORDERED.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma